No. 9285.

ADRIEN LOUQUE VS. A. DREZ ET ALS.

*Creditors who intervene in bankruptcy proceedings, and who* bona fide *recommend the appointment of a provisional syndic, cannot be held in damages, in the absence of averment and proof of malice on their part.*

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Chas. Louque* for Plaintiff and Appellant.

*J. Ad. Rozier, Braughn, Buck & Dinkelspiel* and *Jos. Maille, contra.*

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit to recover $10,000, as damages, from the defendants, on the ground that they maliciously recommended a certain party to be appointed provisional syndic, in unauthorized proceedings in insolvency.

From a judgment, based on the verdict of a jury, in favor of the defendants, the plaintiff has appealed.

The facts are the following :

Adrien Louque and Charles Montardier were partners. The latter instituted proceedings, claiming the benefit of the insolvent laws, individually and as partner, proposing a cession and surrender, not only of his assets, but also of those of the partnership. On the same day, the defendants presented a petition setting forth the propriety of the appointment of a provisional syndic and recommending Montardier for the trust. Thereupon the appointment was made. Montardier qualified and took possession of the assets of the firm; subsequently, Louque entered complaint, protesting against the attempt of Montardier to act in the name of the firm and to bring it into insolvency. The court recognized his complaint; it held that the petitioner could not act as proposed, declared the dissolution of the partnership between Louque and Montardier, and appointed the former liquidator of the concern.

It cannot be disputed that the defendants, who were creditors of Louque and Montardier, after the proceedings in insolvency, however irregular in part, had a right to see to their own protection, and, on the assumption that the Court would accept the surrender, to ask the appointment of a provisional syndic. Any error on their part must be deemed as involuntary, unless the reverse be shown. Their petition was for the appointment of a provisional syndic, to take charge of the assets of Montardier, both as an individual and as a partner.

The charges of malice and conspiracy formulated specially by amendment to the petition, by the plaintiff against the defendants, even if the proceedings could be viewed as a *suit*, which it is not,—should have been verified by proof, as essential to justify recovery. Sedgwick on damages, p. 38; Steward vs. Tanneborn, 8 Otto 287 ; Coco vs. Hardie, 25 Ann. 230; Barremore vs. McFeely, 32 Ann. 1181.

As was said by this court in 32 Ann. 1180 : "The law looks with favor on the efforts of parties who invoke the aid of courts for the vindication of rights, or recovery of property; and does not tolerate that the unsuccessful litigant should be punished in damages, unless in cases where his acts are alleged and proven to have been prompted by malice, or unsupported by probable cause."

The record fails to show any improper motive in defendants, who, on the contrary, appear to have been actuated by a just sense of their interest, and to have moved in the matter, as is usual in such cases, simply for the protection of their rights as creditors.

If any injury was, in consequence, entailed on the plaintiff, which the record does not show to have been sustained, the damage under such circumstances, must be deemed as *damnum absque injuria.*

The jury so viewed the matter. We cannot say that they, and the District Judge who approved their verdict, were wrong. It is unnecessary to pass upon the bills to the charges of the judge to the jury—as we pass on the case as presented by the pleadings, the evidence and the law.

Judgment affirmed with costs.